STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, V. KEVIN L. REINER, RESPONDENT.
599 N.W. 2d 199

Filed August 20, 1999.    No. S-99-751.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and
MCCORMACK, JJ.

PER CURIAM.

Respondent, Kevin L. Reiner, was admitted to the practice of
law in the State of Nebraska on September 17, 1987.

As a result of an investigation by the Counsel for Discipline
of the Nebraska State Bar Association pertaining to two com-
plaints, respondent filed a consent to order of temporary suspen-
sion to practice law on December 18, 1998. An order suspending
respondent from the practice of law until further order of the
Nebraska Supreme Court was filed on December 22, 1998.

The investigation of respondent was in response to a com-
plaint received by the Counsel for Discipline on October 14,
1998, from the Honorable Richard P. Garden, district court judge
for the Seventh Judicial District in Nebraska, alleging that
respondent had filed an affidavit in the case Sandstedt v. Lukken,
Knox County District Court, case No. 12620, in which the sig-
nature of the notary public was forged. The investigation also
examined a complaint received by the Counsel for Discipline on
October 8 from attorney Frank Haverkamp, opposing counsel in
Sandstedt v. Lukken, alleging that respondent had purported to
settle the same case to avoid trial but that it thereafter appeared
that respondent was without authority to do so.

On July 2, 1999, respondent filed a voluntary surrender of
license to practice law. Therein, respondent admits that the
Counsel for Discipline of the Nebraska State Bar Association
received letters of complaint from Haverkamp and Judge
Garden, described above, and further states that for the purpose
of his voluntary surrender of license, he does not desire to con-
test such allegations or to participate in a formal hearing regard-
ing such allegations.

Respondent further admits in his voluntary surrender of license that he was convicted on May 11, 1999, in the circuit court for the First Judicial Circuit in the county of Yankton, South Dakota, of the felony of making an offer of forged or fraudulent evidence and, as reflected on the exhibits attached to the voluntary surrender of license, sentenced accordingly.

Respondent states in his voluntary surrender of license that he does not desire to contest that he violated his oath of office as an attorney. Respondent has freely and voluntarily consented to the entry of an order of disbarment and has waived his right to notice, appearance, or hearing prior to entry of such an order.

On the basis of the foregoing, the Supreme Court concludes that respondent has violated his oath of office as an attorney and Canon 1, DR 1-102, and Canon 7, DR 7-102, of the Code of Professional Responsibility. The court, therefore, accepts respondent's surrender of his license to practice law and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., not participating.